## GRIFFITH *v.* GRIFFITH.

Under the law applicable to the evidence submitted, no abuse of discretion in an award of temporary alimony and counsel fees appears.

No. 2257. April 14, 1921.

Alimony, etc. Before Judge Irwin. Douglas superior court. September 30, 1920.

The parties lived together in marital relation between two and three years. They separated in April, 1919, and the divorce suit was served in March, 1920. Six months later there was a hearing on application for temporary alimony and counsel fees. The only child of the marriage, a girl, was then about two and a half years of age. The wife had a son of about fifteen years, by a previous marriage. She had a 40-acre farm worth about $2000; and she testified that the only way she had to make a living was by the labor of herself and her son.

Two assignments of error were, that the judgment granting temporary alimony was contrary to law, and that it was without evidence to support it; and upon these counsel for the husband argued that it was incumbent on the wife to make out a prima facie case for divorce, as the application for temporary alimony was incidental to her pending divorce suit, wherein she alleged that the defendant during their married life failed and refused to furnish any support whatever to her or their child, although he was able to work and earn from $3 to $5 per day; and that he maltreated, abused, cursed, and beat her in such manner that continued life together was impossible, although she treated him kindly and considerately and was a faithful and dutiful wife, and gave him no cause for a separation. Other assignments of error were, that the evidence was not sufficient to support the judgment; that there was no evidence showing the amount necessary for the support of the plaintiff or of her child; and that the amounts awarded for alimony and fees were excessive.

The plaintiff testified: The cause of the separation was that the defendant would not work and support her and her child; and she made him leave. He would not work as long as there was a penny in the house. He used up the money (about $175) she had on hand when they married. He planted a crop on her farm in 1917, but did not work it, and did not make much crop. He built a shed and fence on the place, with timber he cut off the land and had sawed into lumber; and he did some work in ditching and terracing, and had some done for which he had not paid. He did not furnish any supplies during any of the time he lived with the plaintiff; she bought supplies with butter and eggs produced on

the place. He bought her but a few every-day dresses. He bought some house furnishings, but did not pay for all; she paid about half the entire bills. When she made him leave, there were practically no supplies, except some small shoats and a little corn. He is a competent sawyer and works at the sawmill business; is able to earn $3 to $4 a day (other testimony corroborated this). He contributed $25 to the support of the child at the time of the separation, $10 at another time, and on several occasions gave or sent her from five to fifty cents. He bought her two pairs of shoes that did not fit; and the plaintiff returned them without exchange to the seller, who did not have others that would fit. On one or two occasions the defendant bought the child some dresses; and in the spring of 1920 he sent her three "little old cheap dresses" which the plaintiff refused to take, and returned them to him.

There was testimony that the defendant and another man were partners in the business of sawing lumber and of farming on rented land. The plaintiff's attorney testified that his services in the temporary alimony case were worth from $20 to $50. Further recital of the testimony is not necessary here; some of it tending to indicate that the weight of evidence might be regarded as in favor of the defendant; and some showing declarations and disclaimers by the plaintiff, which she denied having made.

*Astor Merritt,* for plaintiff in error. *J. R. Hutcheson,* contra.

FISH, C. J. The Civil Code (1910), § 2976, declares: "Whenever an action for divorce, at the instance of either party, is pending, or a suit by the wife for permanent alimony, the wife may, at any regular term of the court in which the same is pending, apply to the presiding judge, by petition, for an order granting to her temporary alimony pending the cause; and after hearing both parties, and evidence as to all the circumstances of the parties and as to the fact of marriage, the court shall grant an order allowing such temporary alimony, including expenses of litigation, as the condition of the husband and the facts of the case may justify." Section 2979 is as follows: "On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Applying these provisions of law to the evidence submitted on a hearing for temporary

alimony and counsel fees, pending an action for divorce on the ground of cruel treatment, instituted by the wife, the allowance of twenty dollars a month as such alimony for the wife and for the maintenance of a female child less than three years old, the issue of the marriage, and awarding her twenty-five dollars for counsel fees, does not appear to be an abuse of discretion on the part of the court. *Judgment affirmed. All the Justices concur.*